IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANETTE WILLIAMS, on behalf of T.D.T., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION 09-0782-KD-M |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), and dated September 27, 2010 (doc. 25), the plaintiff's objection (doc. 26), and the defendant's reply (doc. 27). For the reasons set forth herein, after due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the recommendation to which objection is made, the Recommendation of the Magistrate Judge, made under 28 U.S.C. § 636(b)(1)(B), is adopted as the opinion of this Court. Accordingly, it is **ORDERED** that the decision of the Commissioner be affirmed and that this action be dismissed.

In the objection, plaintiff argues that the Administrative Law Judge failed to rely on the psychological evaluation report of Melissa F. Jackson, Ph.D, the consulting psychologist who examined plaintiff, or the opinions of the state agency psychologists, but instead erroneously gave more weight to the opinion of the non-examining medical expert, Doug McKeown, Ph.D. Plaintiff argues that because Dr. McKeown did not examine plaintiff, his opinion "taken alone" cannot be substantial evidence to support the ALJ's decision. Plaintiff also argues that because Dr. McKeown's opinion was not consistent with the observations of Dr. Jackson as to plaintiff's ability to attend and complete tasks and not consistent with the state agency psychologist who found

1

plaintiff had a marked limitation of function in the domain of interacting and relating with others, the ALJ erred by failing to find that plaintiff's impairments functionally equaled a listing.

The ALJ must engage in a two part analysis. First, the ALJ must determine whether plaintiff has an impairment or combination of impairments which meet or medically equal a listed impairment. Second, the regulations explain that if plaintiff's severe impairments do not meet or medically equal a listing, the ALJ must determine whether the severe impairments result in a functional equivalent to a listing. 20 C.F.R. § 416.926a. To do so, the plaintiff must have "marked" limitation of functioning in two domains of function or an "extreme" limitation in one domain. Id. The regulations define a "marked" limitation as "more than moderate" but "less than extreme". 20 C.F.R. § 416.926a(e)(2)(i). The domains are: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a(b).

In finding that plaintiff's impairments did not functionally equal a listing, the ALJ considered the six domains of function and found that plaintiff had a less than marked limitation in the domains of attending and completing tasks and interacting and relating with other, but was otherwise unlimited. In reaching his decision the ALJ considered the testimony of plaintiff's mother, plaintiff's school records including statements by his teachers and the school nurse, and treatment by West Alabama Mental Health Center and Gilbertown Family Medical Clinic.

The ALJ also considered the December 12, 2006, assessment by Dr. Richard Reynolds and staff at Behavioral Medicine wherein the plaintiff was assessed with a Global Assessment of Functioning (GAF) score of 55-60 which was defined as representing "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning" (doc. 14-2, p. 15). The ALJ also considered plaintiff's March 2008 hospitalization at Hillcrest Hospital wherein his treating physicians found a GAF score of 65 which indicates mild symptoms.

The ALJ then stated that he had "considered the opinions of the treating and examining physicians". The ALJ gave "considerable weight to the physicians' diagnosis" and found their "opinions persuasive" and "supported by the medical record as a whole" (doc. 14-2, p. 15).

The ALJ also discussed the June 2009 consultatative psychological evaluation by Dr. Jackson and accorded "some weight" to her opinion. However, as to Dr. Jackson's finding that plaintiff had a GAF score of 35, the ALJ stated that he was "not persuaded that the GAF score of 35 is an accurate reflection of the claimant's functioning ability based on the medical record as a whole and therefore, give it little weight" (doc. 14-2, p. 16).

The ALJ then noted the Childhood Disability Evaluation Forms completed by the consultative medical examiners and gave "some weight" to the extent that their opinions were not inconsistent with the opinion of Dr. McKeown (Id.). The ALJ then discussed Dr. McKeown's testimony and stated that he gave "great weight to Dr. McKeown, who after reviewing the medical record and hearing testimony opined that the claimant did not meet the criteria for 'marked' in any of the six functional domains" (Id.).

Review of the ALJ's decision shows that while he gave great weight to the opinion of Dr. McKeown in making his decision that plaintiff did not functionally meet the listing, Dr. McKeown's opinion was not "taken alone" but instead was considered in context of the record as a whole and specifically, the opinions of plaintiff's treating physicians at Behavioral Medicine and Hillcrest Hospital and the opinions of the consultative medical examiners.

DONE this 28th day of October, 2010.

                                        s / Kristi K. DuBose
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**